UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23174-ALTMAN/Reid

**COMMODITY FUTURES
TRADING COMMISSION**,

    *Plaintiff*,

*v.*

**ADAM TODD**, *et al.*,

    *Defendants*.

_____/

**ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT**

The Plaintiff, Commodity Futures Trading Commission ("CFTC"), has filed a Motion for Final Judgment by Default (the "Motion") [ECF No. 32]. On May 23, 2023, the Clerk entered default [ECF No. 29] against the Defendants, and our review of the record indicates that the Defendants have indeed failed to appear, answer, or otherwise respond *either* to the Plaintiff's Complaint [ECF No. 1] *or* to the Amended Complaint [ECF No. 13]. Accordingly, after a careful review of the Motion, the record, and the applicable law, we now **GRANT** the Motion.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a final default judgment against any party who has failed to respond to the complaint. But "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default.").

Our review of the record in this case confirms that the Amended Complaint adequately establishes our subject-matter jurisdiction under 28 U.S.C. § 1331, our personal jurisdiction over the Defendants, and the propriety of venue in this District. We also find that the Amended Complaint

sufficiently pleads violations of (1) attempted price manipulation (7 U.S.C. § 9(3) and 17 C.F.R. § 180.2); (2) fraud and manipulation by deceptive device or contrivance (7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)); (3) execution of futures transactions on an unregistered board of trade (7 U.S.C. § 6(a)); (4) failure to register as a Futures Commission Merchant (7 U.S.C. § 6d); and (5) failure to implement a customer information program, Know Your Customer policies, and Anti-Money Laundering procedures (17 C.F.R. § 42.2). The Plaintiff has thus satisfied the requirements for the entry of a final default judgment against the Defendants.

Accordingly, we hereby **ORDER AND ADJUDGE** that the Plaintiff's Motion for Final Judgment by Default [ECF No. 32] is **GRANTED**. In accordance with Federal Rule of Civil Procedure 58, final judgment will be entered separately.

**DONE AND ORDERED** in the Southern District of Florida on June 28, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record