UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23174-ALTMAN/Reid

**COMMODITY FUTURES**
**TRADING COMMISSION**,

    *Plaintiff*,

v.

**ADAM TODD**, *et al.*,

    *Defendants*.
_____/

## FINAL JUDGMENT

In a separate Order [ECF No. 35], we granted the Plaintiff's Motion for Final Judgment by Default [ECF No. 32]. Under Federal Rule of Civil Procedure 58, we hereby **ORDER and ADJUDGE** that:

1. Judgment is entered in favor of the Plaintiff as follows:

    a. <u>Permanent Injunctive Relief</u>: The Defendants and their officers, directors, employees, agents, representatives, servants, subsidiaries, distributors, attorneys, and all persons acting in concert and participation with the Defendants are hereby permanently restrained and enjoined from:

        i. attempting to manipulate the price of a commodity in interstate commerce in violation of 7 U.S.C. §§ 9(3) and 13(a)(2) and 17 C.F.R. § 180.2 (2022);

        ii. using a manipulative or deceptive device or contrivance in connection with the sale of a commodity in an attempt to manipulate the price of a commodity in interstate commerce in violation of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a) (2022);

        iii. confirming the execution of contracts for the purchase or sale of digital assets for future delivery; and conducting an office or business in the U.S. for the purpose of soliciting, or accepting any order for, or otherwise dealing in, any transaction in, or in connection with contracts for the

  purchase or sale of digital assets for future delivery without conducting its futures transactions on or subject to the rules of a board of trade that was designated or registered by the CFTC as a contract market in violation of 7 U.S.C. § 6(a);

iv. operating as an unregistered Futures Commission Merchant by engaging in soliciting or accepting orders for the purchase or sale commodities for future delivery; and, in or in connection with these activities, accepting money, securities, or property (or extending credit in lieu thereof) to margin, guarantee, or secure resulting trades on an exchange in violation of 7 U.S.C. § 6d;

v. failing to implement a Customer Information Program, failing to implement KYC policies and procedures, failing to implement an Anti-Money Laundering program, failing to retain required customer information, or failing to implement procedures to determine whether a customer appears on lists of known or suspected terrorists or terrorist organizations such as those issued by OFAC in violation of 17 C.F.R. § 42.2 (2022);

vi. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a(40));

vii. entering into any transactions involving "commodity interests" (as that term is defined in Commission Regulation 1.3, 17 C.F.R. § 1.3 (2022)) or digital asset commodities (as described herein), for Defendants' own accounts or for any account in which they have a direct or indirect interest;

viii. having any commodity interests or digital asset commodities traded on Defendants' behalf;

ix. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests or digital asset commodities;

x. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests or digital asset commodities;

xi. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2022); and

xii. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2022)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9).

b. <u>Disgorgement</u>:

   i. Defendants shall pay, jointly and severally, disgorgement in the amount of three million, nine hundred twelve thousand, two hundred twenty-two dollars ($3,912,220) ("Disgorgement Obligation"), representing the gains received in connection with the violations described above. If the Disgorgement Obligation is not paid immediately, then post-judgment interest shall accrue on the Disgorgement Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

   ii. Defendants shall pay their Disgorgement Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below. If payment by electronic funds transfer is chosen, Defendants shall contact Tonia King or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the Disgorgement Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

   MMAC/ESC/AMK326
   Commodity Futures Trading Commission
   Division of Enforcement
   6500 S. MacArthur Blvd.
   HQ Room 266
   Oklahoma City, OK 73169
   9-AMC-AR-CFTC@faa.gov

c. <u>Civil Monetary Penalty</u>:

   i. Defendants shall pay, jointly and severally, a civil monetary penalty of triple the monetary gains to Defendants in the amount of eleven million, seven hundred thirty-six thousand, six hundred sixty dollars ($11,736,660) ("CMP Obligation"). If the CMP Obligation is not paid immediately, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

    ii. Defendants shall pay their CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below. If payment by electronic funds transfer is chosen, Defendants shall contact Tonia King or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Case 1:22-cv-23174-RKA Document 32-3 Entered on FLSD Docket 06/12/2023 Page 24 of 26 25 Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK 73169
> 9-AMC-AR-CFTC@faa.gov

    iii. Acceptance by the Commission/CFTC of any partial payment of Defendants' Disgorgement Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission/CFTC's right to seek to compel payment of any remaining balance.

2. All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

> Notice to Commission:
>
> > Robert T. Howell
> > Deputy Director, Division of Enforcement
> > Commodity Futures Trading Commission
> > 77 W. Jackson Boulevard, Suite 800
> > Chicago, IL 60604
>
> Notice to Defendants:
> adamtodd@yahoo.com

All such notices to the Commission shall reference the name and docket number of

      this action.

3.    Change of Address/Phone: Until such time as Defendants satisfy in full their Disgorgement Obligation and Civil Monetary Penalty Obligation as set forth in this Order, Defendants shall provide written notice to the Commission by certified mail of any change to their telephone numbers or mailing addresses within ten calendar days of the change.

**DONE AND ORDERED** in the Southern District of Florida on June 29, 2022.

 

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record